## No. 434
## SCOTT v. I. CORD TIRE & BELT CO.
Ohio Appeals, Ninth Dist., Summit County
No. 579.  Decided March 29, 1923

APPEAL—(1) No personal judgment obtainable without pleading—(2) Applicability of GC. 12226 as to appeal bonds.

MAUCK, J.:

### Epitomized Opinion

Certain stockholders of the Interlocking Cord Co. brought an action in the Common Pleas Court of Summit county which resulted in the appointment of a receiver of it.  A special master commissioner was appointed to receive and pass upon the claims of creditors.  A few of the creditors were made parties defendant and filed cross-petitions.  Most of the creditors contented themselves with making proof of claim.  Among those who filed no pleadings, but who filed their claim against the estate, was the Bibb Manufacturing Company, whose claim amounted to over $23,000.  The master commissioner allowed this claim in full, and the Interlocking Co. filed its exceptions, and later filed its appeal from the decision of the Common Pleas Court which affirmed the commissioner's finding.  The court fixed the bond for such appeal at $300, and the bond was then given.  The Bibb Company then filed a motion for a dismissal claiming that the case came under GC. 12229 which requires a bond for double the amount of a personal judgment.  The Interlocking Company contended that no personal judgment had been obtained and that the case was governed by GS. 12226.  In overruling the motion for a dismissal, the Court of Appeals held:

1.  Where a personal judgment is sought it should be demanded by a pleading showing the grounds therefor, and as no pleading was filed by the creditor in this case, no personal judgment was obtained.

2.  As the personal liability of the Tire Company to the Bibb Company was never before the court, in prosecuting appeal the Tire Company was governed by GC. 12226.

Attorneys—Burch, Bacon & Denlinger, for Cord Tire Co.; Sieber, Sieber & Amer, for Bibb Mfg. Co.

## No. 435
## YOWLER v. DAYTON
Ohio Appeals, 2nd Dist., Montgomery County
No. ——.  Decided April 18, 1923.

ORDINANCES—(1) Constitutionality of ordinance regulating busses—(2) Power conferred upon municipality by G. C. 3616 and 3632—(3) Regulation of use of streets by city—(4) Power to prohibit the use of streets under certain circumstances.

CUSHING, J.:

### Epitomized Opinion

Yowler was engaged in the interurban bus business, operating between Dayton, Ohio, and Osborn, Ohio.  In July, 1922, the city passed an ordinance which provided that before a person could operate a bus over and along any of its streets, an application for the establishment of a route within said city should be filed together with the weight, size and number of the busses operated, and approved by the city before any bus might be operated.  It also provided for the giving of an indemnity bond.  As Yowler was arrested for a failure to comply with this ordinance, he was tried and convicted for violating the same.  He then prosecuted error, claiming that the ordinance was unconstitutional and that it did not apply to interurban bus lines.  In affirming the judgment of the lower court, the Court of Appeals held:

1.  As there is no difference between busses operating wholly within the city and those operating partially within and partially without the corporate limits, the ordinance is not discriminatory and therefor is constitutional.

2.  Considering G. C. 3616 and G. C. 3632 together, they confer upon municipalities the general power to license and regulate persons who desire to use the streets for the transaction of business thereon, without regard as to whether those persons are inhabitants of the municipality or elsewhere.

3.  As G. C. 3714 requires a municipality to keep its streets open, in repair, and free from nuisance, it has the right, in the performance of this duty, to regulate the use of its streets and supervise the mode and extent of the transportation thereon.

4.  The power to regulate the use of the sereets of a city implied the power to prohibit the use of them under certain circumstances.

Attorneys—Frank Krehbiel and S. B. Jackson. for Yowler; John B. Harstman, for City.

## No. 436
## OHIO TRACTION CO. v. SELLNER
Ohio Appeals, First Dist., Hamilton County
No. 2013.  Decided March 26, 1923
Cushing, Buchwalter and Hamilton, JJ.

PERSONAL INJURY—Collision between auto and street car—Destroying several front teeth—Judgment not excessive—Nor against weight of evidence.

### Epitomized Opinion

Error to Hamilton Common Pleas; Affirmed

Sellner secured a judgment in the trial court, for personal injuries suffered in a collision between one of the cars of the Traction Co. and an automobile in which he was riding as a passenger.  As no negligence, if any, on the part of the driver, could be imputed to Sellner, the verdict and the judgment are not manifestly against the weight of the evidence, while the judgment recovered sems large, in view of the destroying of several of Sellner's front teeth, the court does not find it so excessive as to require a reversal.

Attorneys—H. K. Rogers, for Traction Co.; Thos.

## No. 437
## GOODRICH, Admr. v. CLEVELAND (City)
Ohio Appeals, Ninth Dist., Cuyahoga County
15 O. App.  Decided Sept. 30, 1921

NEGLIGENCE—(1) Duty of pedestrian to look for traffic coming on the wrong side of street—(2) Error to direct verdict where evidence in conflict.

SULLIVAN, J.

### Epitomized Opinion

The decedent was killed by a fire truck belonging to the city of Cleveland.  Decedent was a man seventy-five years old, and almost totally deaf.  At the time he was struck, the motor truck was on the wrong side of the street, contrary to traffic rules.  The evidence was in conflict as to whether the truck had turned the corner before or after decedent started across the street, and also as to the speed the truck was going.  The evidence also showed that the old man did not look to see if any vehicles were coming on the left side of the street.  At the close of plaintiff's testimony, a verdict was directed for the city.  The plaintiff then prosecuted error.  In reversing the judgment of the lower court, the Court of Appeals held:

1.  The mere failure of a pedestrian to look to the right in crossing a street, when, according to all the traffic rules, traffic would ordinarily be expected to come only from the left, not in itself a failure to exercise ordinary case.

2.  Under the facts and circumstances of this case it was error for the court to direct a verdict.

Attorneys—Payer, Winch, Minshall & Karch, for Goodrich; W. B. Woods and W. D. Cole, for City.